**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| M.F., a minor, by and through his guardian ad litem, JOHN DOE; JOHN DOE and VANESSA DOE,<br><br>Plaintiffs,<br><br>v.<br><br>SIERRA-PLUMAS JOINT UNIFIED SCHOOL DISTRICT, a public entity; EMMA BLANCHE SHAFFER, an individual, MEGAN ANN MESCHERY, individually and in her capacity as Principal of Loyalton High School, and ROES 1 through 40, inclusive,<br><br>Defendants. | Case No.: 2:24-cv-01009-JDP<br><br>[~~PROPOSED~~] **ORDER RE: PLAINTIFFS' EX PARTE MOTION TO PROCEED BY PSEUDONYMS** |

**[PROPOSED] ORDER**

On April 1, 2024, M.F., John Doe, and Vanessa Doe ("Plaintiffs"), filed a Complaint for Damages. (ECF No. 1). On April 4, 2024, Plaintiffs filed a Motion to Proceed by Pseudonyms in place of their true and correct names. (ECF Nos. 3, 3-1).

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch.*, 596 F.3d 1036, 1042 (9th Cir. 2010). However, the Ninth Circuit has allowed parties to use pseudonyms "in the 'unusual case' when nondisclosure of the party's identity 'is necessary … to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981).) "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile Corp.*, 214 F.3d at 1068. "Applying this balancing test, courts have permitted plaintiffs to use pseudonyms… when anonymity is necessary is necessary to preserve privacy in a matter of sensitive and highly personal nature…". (*Id*. For example, "[c]ourts have generally permitted plaintiffs to proceed anonymously when their claims involved allegations of sexual assault or rape." *Doe v. County of San Joaquin* (E.D. Cal., Mar. 29, 2024, No. 2:24-CV-00899-CKD) 2024 WL 1344677, at *1; *see also Doe v. Rose*, 2016 U.S. Dist. LEXIS 188930, at *3-5 (C.D. Cal. June 17, 2016) (collecting cases); *see e.g.*, *J.I. v. United States*, 2018 US Dist. LEXIS 49646, at *4 (E.D. Cal. Mar. 23, 2018); *Roe v. Puig*, 2021 U.S. Dist. LEXIS 115728, at *7-9 (C.D. Cal. May 17, 2021); *Jordan v. Gardner*, 986 F.2d 1521, 1525 n. 4 (9th Cir. 1993) (observing "tradition of not revealing names of the victims of sexual assault").

The Court finds that this case involves allegations of sexual assault of M.F., a minor, based on the review of the allegations of Plaintiffs' Complaint.

1  GOOD CAUSE appearing, the Court therefore GRANTS Plaintiffs' Ex Parte Motion to
2  Proceed by Pseudonyms M.F., "John Doe," and "Vanessa Doe."

4  IT IS SO ORDERED.

6  Dated:   April 29, 2024                         _____
                                                    JEREMY D. PETERSON
                                                    UNITED STATES MAGISTRATE JUDGE