Aaron E. Doyle (SBN 327087)
**THE DOYLE LAW FIRM**
A Professional Law Corporation
11310 Prospect Drive, Suite 10
Jackson, CA 95642
Phone: (925) 231-8140
Facsimile: (925) 237-9060
Email: aaron@thedoylelawfirm.law

Jordanna G. Thigpen (SBN 232642)
**THIGPEN LEGAL, P.C.**
9465 Wilshire Blvd., Suite 300
Beverly Hills, CA 90212
Telephone: (310) 210-7491
Facsimile: (310) 362-0456
Email: jt@thigpenlegal.com

Attorneys for Plaintiffs,
M.F., JOHN DOE and VANESSA DOE

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.F., a minor, by and through his guardian ad litem, JOHN DOE; JOHN DOE and VANESSA DOE,<br><br>Plaintiffs,<br><br>v.<br><br>SIERRA-PLUMAS JOINT UNIFIED SCHOOL DISTRICT, a public entity; EMMA BLANCHE SHAFFER, an individual, MEGAN ANN MESCHERY, individually and in her capacity as Principal of Loyalton High School, and ROES 1 through 40, inclusive,<br><br>Defendants. | Case No.: 2:24-cv-01009-JDP<br><br>[PROPOSED] ORDER RE: PLAINTIFFS' MOTION TO APPOINT JOHN DOE AS GUARDIAN AD LITEM OF M.F., A MINOR<br><br>Date:         August 28, 2024<br>Time:        10:00 a.m.<br>Courtroom:  9<br>Judge:       Hon. Jeremy D. Peterson<br><br>Action Filed:  April 1, 2024<br>Trial Date:    Not Set |

Currently, before the Court is Plaintiffs John and Vanessa Doe's motion to appoint John Doe as guardian ad litem for Plaintiff M.F., their minor son, filed on June 20, 2024.

Federal Rule of Civil Procedure 17 provides that "[t]he court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). Rule 17(c) requires a district court to "take whatever measures it deems proper to protect an incompetent person during litigation." *Davis v. Walker*, 745 F.3d 1303, 1311 (9th Cir. 2014) (quoting *United States v. 30.64 Acres of Land*, 794 F.2d 796, 805, (9th Cir. 1986)).

Local Rule 202(a) of this Court also states, in relevant part:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present…a motion for the appointment of a guardian ad litem by the Court, or…a showing satisfactory to the court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

*See* L.R. 202(a). The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres*, 795 F.2d at 804.

Fit parents are presumed to act in the best interests of their children. *Troxel v. Granville*, 530 U.S. 57, 66 (2000); *Doe v. Heck*, 327 F.3d 492, 521 (7th Cir. 2003). Generally, there is no inherent conflict of interest when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child. *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001); *see also Brown v. Alexander*, No. 13-cv-01451-RS, 2015 WL 7350183 at *2 (N.D. Cal. Nov. 20, 2015) ("In general, a parent who is also a party to the lawsuit is presumed to be a suitable guardian ad litem, and so the court often appoints the parent as guardian ad litem upon receipt of an ex parte application without exercising much discretion.") (citation omitted); "[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)." *H.D.A. v. Cnty. of Stanislaus*, No. 1:22-cv-00384-DAD-SAB, 2022 WL 992990, at *1 (E.D. Cal. Apr. 1, 2022) (quoting *Gonzalez v. Reno*, 86 F. Supp. 2d 1167, 1185 (S.D. Fla.), aff'd, 212 F.3d 1338 (11th Cir. 2000)).

1  Here, the motion requests that John Doe be appointed as the guardian ad litem for his son, Plaintiff M.F. M.F. is a minor currently seventeen years of age and has filed claims in the action related to alleged violations of his civil rights for sexual abuse, among other state and federal claims, as a result of the sexual assault by his teacher, Defendant Emma Blanche Shaffer. John Doe consents to serve as M.F.'s guardian ad litem and is competent to do so.

In addition, the Court finds that the terms and circumstances of counsel's retention has been adequately disclosed pursuant to L.R. 202(c). Should any judgment or settlement in favor of M.F. be obtained, counsel and John Doe, as the proposed guardian ad litem, shall follow California State law, and/or such further orders of this Court.

Based on the foregoing, and for good cause, IT IS HERBY ORDERED that John Doe is appointed in this action as the guardian ad litem for Plaintiff, M.F.

IT IS SO ORDERED.

Dated:   July 26, 2024                     _____
                                            JEREMY D. PETERSON
                                            UNITED STATES MAGISTRATE JUDGE