1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   M.F., *et al.*,                          Case No.  2:24-cv-1009-JDP

12                    Plaintiffs,

13            v.                               ORDER

14   SIERRA-PLUMAS JOINT UNIFIED
     SCHOOL DISTRICT,
15
                     Defendants.
16

17         Pending before the court are (1) defendants Sierra-Plumas Joint Unified School District

18   ("the District") and Megan Meschery's (collectively "District defendants") motions for partial

19   dismissal and to strike, and (2) defendant Emma Shaffer's counsel's motion to withdraw.

20   Plaintiff M.F., and M.F.'s parents, John and Vanessa Doe, oppose the District defendants'

21   motions, but not Shaffer's.  For the following reasons, the District defendants' motion to dismiss

22   is granted; their motion to strike is granted in part and denied in part; and Shaffer's motion is

23   granted.

24                                    **Motion to Dismiss**

25   **I.    Procedural History**

26         Plaintiffs filed this action April 1, 2024, alleging claims for: (1) violation of substantive

27   due process, 42 U.S.C. § 1983; (2) *Monell* claims, 42 U.S.C. § 1983; (3) Title IX, 20 U.S.C.

28   § 1681; (4) sexual abuse of a minor; (5) intentional infliction of emotion distress; (6) sexual

harassment; (7) negligent hiring, supervision, and retention; (8) breach of mandatory duty to report suspected abuse; (9) negligent failure to warn, train, or educate; (10) negligent supervision of a minor; (11) sexual battery; and (12) negligence per se.  ECF No. 1.  The District defendants moved to dismiss the claims against them for lack of jurisdiction and failure to state a claim.  ECF No. 14.  The court heard oral arguments on the motion and ruled as follows: plaintiffs' substantive due process claim and state law claims against Meschery were dismissed with leave to amend; M.F.'s 42 U.S.C. § 1983 claim against Meschery was dismissed without leave to amend; M.F.'s Title IX claim against the District was dismissed with leave to amend; and plaintiffs' remaining claims against the District were dismissed without leave to amend.  ECF No. 25.  Plaintiffs then filed a first amended complaint.  The District defendants now move to dismiss some, but not all, of the claims against them and to strike the amended complaint's request for punitive damages.[1]  ECF Nos. 28 & 29.

**II.     Factual Allegations**

This action centers around sexual abuse by Shaffer, a teacher at Loyalton High School, of M.F., a high school student.  ECF No. 26.  Plaintiffs claim that the District defendants should have been aware that Shaffer posed a threat to M.F. and other students because of her history of engaging in inappropriate conduct with students.  Specifically, plaintiffs allege that in October 2021, Shaffer engaged in inappropriate online conversations with a sixth-grade student.  *Id.* ¶ 39.  The school's principal, Meschery, issued Shaffer a written warning following that incident, directing Shaffer to maintain professional boundaries with students.  *Id.*  On April 18, 2023, Meschery issued Shaffer a second written warning—this time for having an inappropriate sexual conversation with high school students in her classroom.  *Id.* ¶ 41.  In November 2023, Shaffer took at least one student to her home during school hours.[2]  *Id.* ¶ 44.

In 2022, Shaffer began communicating with M.F.  *Id.* ¶ 50.  She sent M.F. sexual messages, including photographs of her vagina, anus, and breasts.  *Id.* ¶¶ 50, 54.  Plaintiffs allege that, in January 2023, Shaffer began grooming M.F., who was then 15 years old.  *Id.* ¶¶ 47, 49.

---

[1] Shaffer filed an answer to the amended complaint.  ECF No. 27.
[2] The complaint does not allege that the District or Meschery knew of this incident.

1   During the school year, M.F. was often absent from class because he was being sexually abused

2   by Shaffer in her classroom, sometimes with the door locked.  *Id.* ¶¶ 51, 53.  The school did not

3   investigate his absences.  *Id.*

4       On one occasion in December 2023, when Shaffer was sexually abusing M.F. in her

5   classroom, Meschery unlocked the door and discovered the two.  *Id.* ¶ 55.  Shaffer immediately

6   told Meschery that M.F. was raping her, and Meschery reported the incident to law enforcement.

7   Shaffer also told responding police officers that M.F. had raped her.  *Id.*  However, M.F. told law

8   enforcement that he was the victim of Shaffer's sexual abuse, and Shaffer later stated to law

9   enforcement that she had engaged in a sexual relationship with M.F. and that M.F. had not raped

10  her.  *Id.* ¶¶ 56-57.

11      Plaintiffs' first amended complaint alleges the following claims: M.F.'s claim for

12  substantive due process violation against Meschery and Shaffer; M.F.'s Title IX claims against

13  the District; M.F.'s Bane Act claim against all defendants; M.F.'s claims for intentional infliction

14  of emotional distress, sexual harassment, and battery against Shaffer; plaintiffs' claims for

15  negligent hiring, supervision, and retention and negligent supervision against Meschery.  *Id.* ¶¶

16  58-140.

17  **II.    Legal Standards**

18      A complaint may be dismissed for "failure to state a claim upon which relief may be

19  granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a

20  plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell*

21  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the

22  plaintiff pleads factual content that allows the court to draw the reasonable inference that the

23  defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

24  (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability

25  requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully.

26  *Iqbal*, 556 U.S. at 678.

27      For purposes of dismissal under Rule 12(b)(6), the court generally considers only

28  allegations contained in the pleadings, exhibits attached to the complaint, and matters properly

1  subject to judicial notice, and construes all well-pleaded material factual allegations in the light

2  most favorable to the nonmoving party.  *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc*., 710

3  F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

4      Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal

5  theory, or (2) insufficient facts under a cognizable legal theory.  *Chubb Custom Ins. Co.*, 710 F.3d

6  at 956.  Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the

7  claim.  *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

8  **III.    Analysis**

9      The District defendants move to dismiss only M.F.'s substantive due process claim

10  against Meschery; M.F.'s Title IX claims against the District; John and Vanessa's negligent

11  hiring, supervision, and retention claim; and John and Vanessa's negligent supervision of a minor

12  claim.  ECF No. 29-1 at 2.

13              **A.  Substantive Due Process Claim**

14      Plaintiffs allege that Meschery violated M.F.'s substantive due process rights by exposing

15  him to Shaffer, who had a known history of grooming, boundary violations, and predatory

16  behavior towards students.  ECF No. 26 at ¶¶ 60, 61.  The Fourteenth Amendment states that

17  "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law,"

18  which confers substantive rights.  *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S.

19  189, 194-95 (1989) (alterations in original) (quoting U.S. Const. amend. XIV).  The Due Process

20  Clause does not, however, "impose an affirmative obligation on the State" to protect a person's

21  life, liberty, or property; it acts as a "limitation on the State's power to act" rather than a

22  "guarantee of certain minimal levels of safety and security."  *Id.* at 195.  Thus, generally "a state

23  actor is not liable under the Due Process Clause 'for its omissions.'"  *Pauluk v. Savage*, 836 F.3d

24  1117, 1122 (9th Cir. 2016) (quoting *Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082,

25  1086 (9th Cir. 2000)).

26      There are, however, two exceptions to this general rule: "(1) the 'special relationship'

27  exception; and (2) the 'danger creation' exception."  *L.W. v. Grubbs*, 974 F.2d 119, 121 (9th Cir.

28  1992) (citations omitted).  The state-created danger theory permits claims where the state

4

1    (1) affirmatively acts to create or expose a plaintiff to actual, particularized dangers that he would

2    not otherwise confront, and (2) in so doing, acts with deliberate indifference to the known,

3    obvious danger.  *Munger*, 227 F.3d at 1086.

4          The District defendants argue that this claim should be dismissed because the complaint

5    fails to allege that Meschery knew or should have known that Shaffer's communication towards

6    students, particularly M.F., constituted or threatened sexual abuse.  ECF No. 29-1 at 6.  They

7    contend that the complaint does not allege either that Meschery received any report that Shaffer

8    sexually abused or harassed students or that Meschery knew of any immediate danger to M.F.  *Id.*

9    They further argue that Meschery's two written warnings to Shaffer show the opposite of

10   deliberate indifference; the warnings show that Meschery took action to correct Shaffer's

11   inappropriate conduct.  *Id.*

12         To satisfy the first requirement, a plaintiff "must show that the [state actor's] affirmative

13   actions created or exposed [him] to an actual, particularized danger that [he] would not otherwise

14   have faced."  *Martinez v. City of Clovis*, 943 F.3d 1260, 1271 (9th Cir. 2019).  Furthermore, the

15   plaintiff's ultimate injury must have been foreseeable to the defendant.  *Id.* at 1273.  "This does

16   not mean that the exact injury must be foreseeable.  Rather, 'the state actor is liable for creating

17   the foreseeable danger of injury given the particular circumstances.'"  *Id.* at 1273-74 (quoting

18   *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1064 n.5 (9th Cir. 2006)).

19         There is, however, no "affirmative act" when a government official allows a dangerous

20   situation to develop or to continue without intervention—even if the official affirmatively

21   chooses not to intervene.  Omissions, even those that enable the development or continuation of a

22   danger that state intervention might have cured, are not affirmative acts.  *See Doe v. Round Valley

23   Unified Sch. Dist.*, 873 F. Supp. 2d 1124, 1133 (D. Ariz. 2012) (finding no affirmative act where

24   the state "affirmatively chooses not to intervene"); *Johnson v. City of Seattle*, 474 F.3d 634, 639

25   (9th Cir. 2007) (police adopted an interventionist riot control plan one day, but then choose a

26   passive plan the next day, allowing mass violence to continue in a contained area; the plaintiffs

27   are injured by that violence, and the police officers were not liable under § 1983); *O'Dell v. Casa

28   Grande Elem. Sch. Dist. No. 4*, No. CV-08-0240-PHX-GMS, 2008 WL 5215329, *6-7 (D. Ariz.

1   Dec. 12, 2008) (school officials were aware of one student's threats to assault another student, but

2   took no action to keep those students apart; assault happened as threatened, but school officials

3   were held not liable under § 1983).

4       While the parties do not brief the issue, the court finds it necessary to address whether the

5   complaint sufficiently alleges that Meschery took an affirmative action that put M.F. in a worse

6   position.  Plaintiffs allege that Meschery gave Shaffer two prior written warnings about her

7   inappropriate communications with students.  But Meschery's knowledge of these two incidents,

8   coupled with Meschery's failure to remove Shaffer as a teacher, cannot reasonably be construed

9   as affirmative acts that put M.F. in a worse position.  Rather, the alleged conduct is more akin to

10  an omission, which is insufficient to hold Meschery liable under the state-created danger

11  exception.  *See Wormuth v. Lammersville Union Sch. Dist.*, 305 F. Supp. 3d 1108, 1122 (E.D.

12  Cal. 2018) ("The Ninth Circuit has not recognized a state-created danger theory based exclusively

13  on a public school official's failure to detect and prevent student-on-student harassment.");

14  *Stevens v. Umsted*, 131 F.3d 697, 705-06 (7th Cir. 1997) (school principal had actual knowledge

15  of repeated sexual assaults by certain students on a particular disabled student, but did not

16  intervene); *Lamberth v. Clark Cnty. Sch. Dist.*, No. 2:14-cv-02044-APG, 2015 WL 4760696, at

17  *4-5 (D. Nev. Aug. 12, 2015), aff'd, 698 F. App'x 387 (9th Cir. 2017) (finding that the public

18  school defendants were not liable for their failure to protect a student from bullying or to notify

19  the student's parents about the bullying, where the student ultimately committed suicide).

20      However, even assuming that plaintiffs sufficiently allege affirmative action, the

21  allegations fall short of alleging deliberate indifference.  "Deliberate indifference is 'a stringent

22  standard of fault, requiring proof that a municipal actor disregarded a known or obvious

23  consequence of his action.'"  *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 974 (9th Cir. 2011).  This

24  standard is higher than gross negligence and requires a culpable mental state.  *Id.*  For a defendant

25  to act with deliberate indifference, he must "recognize[ ] the unreasonable risk and actually

26  intend[ ] to expose the plaintiff to such risks without regard to the consequences to the plaintiff."

27  *L.W. v. Grubbs*, 92 F.3d 894, 899 (9th Cir. 1996).  In other words, the state actor must "know[ ]

28  that something *is* going to happen but ignore[ ] the risk and expose[ ] [the plaintiff] to it."  *Id.* at

6

1   900 (emphasis in original).

2        Plaintiffs argue that the complaint contains sufficient allegations that Meschery acted with

3   deliberate indifference.  ECF No. 35 at 16.  Specifically, they point to the allegations that:

4   (1) Shaffer received warnings from Meschery about her inappropriate communication with other

5   students; (2) Shaffer touched and sexually groomed other students in her classroom; (3) there

6   were public rumors that Shaffer was having inappropriate communication and contact with

7   students; (4) Shaffer took a student to her home; (5) the school failed to investigate M.F.'s

8   frequent absences; and (6) Shaffer locked her classroom door to sexually abuse M.F.  *Id.*

9        Contrary to plaintiffs' contention, these allegations do not show that Meschery—the only

10  defendant presently seeking dismissal of this claim—acted with deliberate indifference.  The

11  majority of the cited allegations are limited to Shaffer's conduct.  Critically, the complaint fails to

12  allege that Meschery *knew* the extent of Shaffer's behavior.  For example, plaintiffs allege that

13  Shaffer touched and sexually groomed students in her classroom, but there are no allegations

14  suggesting that Meschery *knew* or *should have known* that this conduct was occurring.  Likewise,

15  the complaint does not allege that Meschery was aware of the alleged "public rumors" or that she

16  knew Shaffer took a student to her home, touched and sexually groomed other students, or

17  sexually abused M.F. behind a locked classroom door.[3]

18       The allegations bearing on Meschery's knowledge of Shaffer's conduct are limited to the

19  two occasions when Meschery issued written warnings for inappropriate communications with

20  students.  Those communications, however, were not sufficient to put Meschery on notice that

21  Shaffer would sexually abuse a student.  Courts have required stronger indicia of sexual abuse to

22  support a showing of deliberate indifference.  *See Doe v. Clark Cnty. Sch. Dist.*, No. 2:15-CV-

23  00793-APG-GWF, 2017 WL 1483428, at *5 (D. Nev. Apr. 21, 2017) (holding that the "allegation

24  that a teacher engaged in unspecified 'flirting' and an undefined 'inappropriate relationship' with

25  a student does not create a high degree of risk that the teacher will go on to sexually abuse

26

27       [3] Plaintiffs do allege that in December 2023, Meschery contacted law enforcement after
    she caught Shaffer sexually abusing M.F. in a locked classroom.  But there is nothing in the
28  complaint suggesting that Meschery had knowledge of any prior encounters behind locked doors.

another student"); *Doe v. Sch. Bd. of Broward Cty., Fla.*, 604 F.3d 1248, 1267 (11th Cir. 2010) (holding that the principal could not be liable under § 1983 based on two prior complaints about a teacher's sexual harassment where the principal did not know about the teacher's "history of . . . widespread abuse of female students"); *Doe v. Taylor Ind. Sch. Dist.*, 15 F.3d 443, 456-57 (5th Cir. 1994) (en banc) (finding evidence of deliberate indifference where the principal had "notice of a pattern of inappropriate behavior . . . that suggested misconduct of a sexual nature," including complaints from parents and school personnel about inappropriate physical contact and favoritism toward female students, as well as a valentine from the teacher to a particular female student that stated he loved her, yet the principal took no action).

## B. Title IX

M.F. alleges that the District violated Title IX of the Education Amendments of 1972 by (1) being deliberately indifferent to sexual discrimination, harassment, and abuse, and (2) by failing to take remedial or corrective action.[4]  ECF No. 26 at 15-17.

A plaintiff alleging a Title IX claim based on faculty-on-student sexual harassment must allege each of the following elements:

> (1) the school district must exercise substantial control over both the harassed and the context in which the known harassment occurs, (2) the plaintiff must suffer sexual harassment . . . that is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school, (3) the school district must have actual knowledge of the harassment, and (4) the school district's deliberate indifference subjects its students to harassment.

*Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 739 (9th Cir. 2000).

There is no question that a teacher's sexual abuse of a student qualifies as discrimination based on sex under Title IX.  *See Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 281 (1998).  And there is no dispute that what M.F. experienced was sufficiently severe and pervasive to interfere with M.F.'s educational activities.  The two issues in dispute are whether the District

---

[4] Plaintiffs argue that District defendants offer no argument against M.F.'s remedial action claim, *see* ECF No. 29-1 at 7-9.  While the District defendants dispute the validity of M.F.'s remedial action claim in their reply brief, ECF No. 42 at 10-11, the court will not consider those newly raised arguments at this time.

1    (1) had actual knowledge of and (2) was deliberately indifferent to Shaffer's sexual abuse of M.F.

2    The District argues that the complaint does not contain allegations demonstrating actual

3    knowledge or deliberate indifference.  ECF No. 29-1 at 7-8.  It contends that the complaint does

4    not allege that someone reported Shaffer's abuse of M.F. to the District, and that the only time the

5    District became aware of the abuse was when Meschery witnessed M.F. and Shaffer in December

6    2023, which Meschery immediately reported to the police.  *Id.* at 8-9.  M.F. argues that he need

7    only allege that the District had actual knowledge of Shaffer's abusive conduct, not knowledge of

8    Shaffer's specific abuse of M.F.  ECF No. 35 at 9.

9    As noted above, a Title IX claim requires that defendant have actual knowledge of the

10    abuse at issue.  For a funding recipient to be subject to Title IX liability, "an official who at a

11    minimum has authority to address the alleged discrimination and to institute corrective measures

12    on the recipient's behalf [must have] actual knowledge of discrimination."  *Reese*, 208 F.3d at

13    739 (citation omitted).

14    "Although the actual knowledge standard has been applied repeatedly by courts since

15    *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274 (1998), its contours have yet to be fully

16    defined."  *Roe ex rel. Callahan v. Gustine Unified Sch. Dist.*, 678 F. Supp. 2d 1008, 1029 (E.D.

17    Cal. 2009); *see Doe v. St. Helens Sch. Dist.*, No. 3:19-CV-01728-SB, 2023 WL 2647534, at *8

18    (D. Or. Mar. 27, 2023) ("The Ninth Circuit has not yet resolved the precise boundaries of the

19    actual notice component of a Title IX claim.").  However, courts generally focus on whether the

20    "appropriate official possessed enough knowledge of the harassment that it reasonably could have

21    responded with remedial measures to address the kind of harassment upon which plaintiff's legal

22    claim is based."  *Lopez v. Regents of Univ. of California*, 5 F. Supp. 3d 1106, 1122 (N.D. Cal.

23    2013) (quoting *Folkes v. N.Y. College of Osteopathic Medicine,* 214 F. Supp. 2d 273, 285

24    (E.D.N.Y. 2002)).  While the Ninth Circuit has not defined the specific bounds of the actual

25    knowledge requirement, this court follows the approach used by the majority of courts and

26    assesses whether the complaint contains sufficient allegations that the District had actual notice of

27    Shaffer's sexual abuse of students.  *See Roe ex rel. Callahan*, 678 F. Supp. 2d at 1030 (collecting

28    cases from the Fifth, Seventh, Tenth, Eleventh Courts of Appeals, and Nevada and California

1    District Courts).

2        M.F. argues that the actual knowledge requirement is sufficiently alleged because

3    Meschery issued Shaffer written warnings for two incidents of inappropriate communications

4    with students.[5] ECF No. 35 at 9.  Those two warnings, however, are insufficient to show that the

5    District had notice that Shaffer posed a substantial risk of abuse to students.  *See Gebser*, 524

6    U.S. at 279 (holding that school district's actual knowledge of inappropriate teacher comments

7    did not put the school district on actual notice that the teacher had sexual relations with the

8    student).

9        The first warning involved Shaffer's inappropriate communication with a six-grade

10   student on social media.  ECF No. 26 at 28.  There is no allegation that Shaffer's communications

11   were sexual in nature—and if the communications were sexual in nature—there is no allegation

12   that the District was aware of that fact.  The second warning arose when "a group of students

13   were engaging in a conversation about sexual pursuits . . . [and d]uring this conversation, they

14   asked [Shaffer] about [her] sexual history, which [Shaffer] answered."  ECF No. 26 at 32.  These

15   two incidents of inappropriate conversations—only one of which plaintiffs allege was sexual in

16   nature—are too attenuated to support M.F.'s argument that the District had knowledge that

17   Shaffer would sexually abuse a student.  The relevant inquiry turns on whether the institution

18   possessed enough knowledge of "*the kind of harassment*" alleged.  *Lopez*, 5 F. Supp. 3d at 1122

19   (emphasis added).  Here, there are no allegations that Meschery had actual knowledge of the kind

20   of harassment upon which this Title IX claim is based—sexual abuse—until after Meschery

21   witnessed Shaffer sexually abusing M.F.

22       M.F. argues that *Douglas v. Stalmach*, No. 2:13-cv-02326-RFB-PAL, 2016 WL 4479538,

23   at *7 (D. Nev. Aug. 24, 2016) supports the finding that the two written warnings were sufficient.

24   ECF No. 35 at 11.  However, that reliance is misplaced.  The court in *Douglas* found that two

25

26       [5] M.F. also argues that actual knowledge is established by the complaint's allegations that
     defendants failed to: (1) report the incident where Shaffer took a student to her home; and (2) take
27   corrective action to stop Shaffer's abusive conduct towards other students.  ECF No. 35 at 9, 11.
     As discussed above, the amended complaint does not allege that Meschery had notice of the
28   alleged sexual misconduct towards other students.

1    "knock it off" conversations about the teacher's relationships and text messages with female

2    students put the school on notice of the teacher's *harassment* of students. *Id.* at *7. But when it

3    came to notice of the teacher's risk of *abuse*, the court found the school was on notice of abuse

4    because (1) the defendants were repeatedly notified that the teacher had an alleged pattern of

5    sexual harassment of young women beginning years prior, (2) the two "knock it off

6    conversations," (3) the teacher being prohibited from certain interactions with students outside of

7    school-related activities, (4) the teacher sending inappropriate text messages, for which the school

8    investigated and admonished the teacher. *Id.* M.F.'s allegations do not rise to the level of actual

9    notice found in *Douglas*.

10          Even if the court were to find the M.F. has sufficiently alleged that the District had actual

11    knowledge, the District is still not liable for Shaffer's sexual abuse unless its response to the

12    known harassment amounted to "deliberate indifference to discrimination." *See Gebser*, 524 U.S.

13    at 290. If an institution "takes timely and reasonable measures to end the harassment, it is not

14    liable under Title IX for prior harassment." *Wills v. Brown University,* 184 F.3d 20, 26 (1st Cir.

15    1999) (citing *Gebser*, 524 U.S. at 291-92). If, on the other hand, an institution either fails to act

16    or acts in a way which could not have reasonably been expected to remedy the violation, then the

17    institution is liable for what amounts to an official decision not to end discrimination. *Gebser*,

18    524 U.S. at 290. Deliberate indifference exists "only where the recipient's response to the

19    harassment or lack thereof is clearly unreasonable in light of the known circumstances." *Reese*,

20    208 F.3d 736, 739 (9th Cir. 2000).

21          While deliberate indifference is generally "a fact-intensive inquiry" that must be resolved

22    by the trier of fact, *Lilah R. ex rel. Elena A. v. Smith*, No. 11-cv-01860-MEJ, 2011 WL 2976805,

23    at *5 (N.D. Cal. July 22, 2011), "[i]n an appropriate case, there is no reason why courts, on a

24    motion to dismiss, for summary judgment, or for a directed verdict, [can]not identify a response

25    as not 'clearly unreasonable' as a matter of law," *Davis Next Friend LaShonda D. v. Monroe*

26    *Cnty. Bd. of Educ.*, 526 U.S. 629, 649 (1999). Here, the allegations do not rise to the level of

27    showing that the District's responses to the two reports of Shaffer's inappropriate

28    communications with students demonstrate deliberate indifference. Indeed, after both incidents,

11

1  Shaffer received written warnings admonishing her for the communications, and after Meschery

2  discovered Shaffer sexually abusing M.F., she immediately reported the incident to law

3  enforcement. *Doe v. Green*, 298 F. Supp. 2d 1025, 1035 (D. Nev. 2004) ("If an institution takes

4  timely and reasonable measures to end the harassment, it is not liable under Title IX for prior

5  harassment.").

6  ### C. State Law Claims

7  Plaintiffs allege that Meschery negligently investigated, hired, trained, and supervised

8  Shaffer and negligently supervised a minor. ECF No. 26 at 21-23. The District defendants argue

9  that California Government Code section 815.2 provides liability only for public *entities*, which

10  Meschery is not.[6, 7] Second, District defendants argue that the parents' claims are entirely

11  derivative of M.F.'s claims against Shaffer and that Meschery owes them no special duty. ECF

12  No. 29-1 at 9.

13  The parents' claims depend an alleged "special relationship" between themselves and

14  Meschery, giving rise to a specific duty to prevent harm to a third party. *See Phyllis v. Superior*

15  *Court*, 183 Cal. App. 3d 1193, 1196 (1986) (recognizing that the mother's claim based on child's

16  rape plausibly pled when based on special relationship with school). Without this special duty,

17  the parents' claims cannot survive unless the parents directly witnessed the abuse—which, here,

18  they did not. *See Thing v. La Chusa*, 48 Cal.3d 644, 661, 669 (1989) (denying the parent's

19  damages claim based on emotional distress caused by the child's car crash injury where the parent

20  did not witness the crash and learned of the injury only afterwards).

21  The parents argue that they have a special relationship with Meschery by analogizing

22  themselves to the parents in *Phyllis P.* ECF No. 35 at 20. In *Phyllis P.*, the school learned that an

23  eight-year-old student, C. had been sexually molested by a thirteen-year-old student several times,

24  _____

25  [6] The District defendants only move to dismiss these claims on behalf of the parents, John and Vanessa Doe.

26  [7] Under section 820, "a public employee is liable for injury caused by his act or omission to the same extent as a private person." Cal. Gov't Code § 820(a). While under section 815.2, "[a] public entity is liable for injury proximately caused by an act or omission of an employee

27  of the public entity within the scope of his employment." Cal. Gov't Code § 815.2(a). Section 815.2(a) imputes liability to the District for its employees', i.e., Meschery's, actions. The court

28  recognizes that plaintiffs' claims against Meschery proceed under section 820.

but it did not notify Ciera's parent of those incidents.  Thereafter, the same student raped C.. *Id.* at 1195.  C.'s mother filed suit against the school district, "theorize[ing] that had she been informed of the earlier sexual assaults she could have taken precautionary measures to prevent the rape which ultimately occurred." *Id.*  The court found that the mother should be able to proceed with her negligent infliction of emotional distress claim, noting that "defendants had a duty to notify [the mother] upon learning of the first series of sexual assaults upon" her daughter and that the mother was "asserting a cause of action as a direct victim of defendants' negligent act, or failure to act, and not for injuries based upon her direct observation of the injury to her daughter." *Id.* at 1197.

M.F.'s case is not the same.  In *Phyllis P.*, the school's failure to inform the mother about the several incidents of molestation prevented the mother from stepping in and preventing future injury.  By contrast, Meschery is not alleged to have had knowledge that Shaffer was sexually abusing M.F. or any other student until the moment she walked in on Shaffer abusing M.F.  As soon as Meschery witnessed the abuse in Shaffer's classroom, she notified law enforcement.  ECF No. 26 at ¶ 55.  Thus, "there was no preemption or usurpation of [M.F.'s parents'] prerogative to take measures to protect" M.F.  *See Steven F. v. Anaheim Union High Sch. Dist.*, 112 Cal. App. 4th 904, 915 (2003); *see Martin v. United States*, 984 F.2d 1033, 1036 (9th Cir. 1993) (observing that "[w]hen . . . negligence that causes injury to a third-party collaterally results in the plaintiff's emotional distress, but the tort is not also to the plaintiff, California courts have been reluctant to find a duty and allow recovery for the negligent infliction of emotional distress.").  Accordingly, John and Vanessa's state law claims fail.

**Motion to Strike**

The District defendants move to strike the amended complaint's request for punitive damages under Federal Rule of Civil Procedure 12(f).  ECF No. 28; *see* ECF No. 16 at ¶ 8.  They argue that (1) the complaint contains no allegations that Meschery acted maliciously, oppressively, or fraudulently towards plaintiffs and (2) that California Government Code section 818 and federal law prohibit the recovery of punitive damages against a public entity.  ECF

1   No. 28 at 3.

2          Plaintiffs argue that the motion should be denied because a motion to strike under Rule

3   12(f) is not the proper mechanism for striking a request for punitive damages.  They also contend

4   that defendants do not move to dismiss their Bane Act claim against Meschery and that the

5   complaint alleges that Meschery acted maliciously, oppressively, or fraudulently towards

6   plaintiffs.[8]  ECF No. 36 at 5-7.

7          The Ninth Circuit has held that "Rule 12(f) of the Federal Rules of Civil Procedure does

8   not authorize a district court to strike a claim for damages on the ground that such damages are

9   precluded as a matter of law."  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir.

10  2010).  Some courts in this Circuit have relied on *Whittlestone* to hold that prayer for punitive

11  damages is not appropriately stricken pursuant to Rule 12(f).  *See, e.g.*, *Oushana v. Lowe's*

12  *Companies, Inc.*, No. 1:16-cv-01782, 2017 WL 5070271, at *2 (E.D. Cal. Nov. 3, 2017) ("Rule

13  12(f) may not be used to strike a request for punitive damages.  The proper vehicle for

14  challenging the sufficiency of a punitive damages claim is a motion to dismiss under Rule

15  12(b)(6).").  Other courts have concluded Rule 12(b)(6) is not the proper vehicle for seeking

16  dismissal of a request for punitive damages because a prayer for relief is a remedy and not a

17  claim.  *Oppenheimer v. Sw. Airlines Co.*, 2013 WL 3149483, *4 (S.D. Cal. 2013) ("Because

18  punitive damages are but a remedy, and thus neither constitutes a claim nor pertains to whether

19  any claim has been stated, requests for punitive damages provide no basis for dismissal under

20  Fed. R. Civ. P. 12(b)(6).").  Even still, some courts have held that whether a motion should be

21  brought under Rule 12(f) or 12(b)(6) "turns on the rationale used by Defendants to justify the

22  motion."  *Logue v. Curtis Mgmt. Co.*, 2019 WL 2249981, at *2 (S.D. Cal. May 24, 2019).

23         Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any

24  redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  However, as

25  moving party, District defendants have the burden to show that the allegations they seek to strike

26  as irrelevant will cause "specific undue prejudice."  *In re Facebook PPC Advert. Litig.*, 709 F.

27

28         [8] Plaintiffs do not seek punitive damages against the District.  ECF No. 36 at 7.
       Therefore, defendants' motion will be granted with respect to the District.

                                                    14

1   Supp. 2d 762, 773 (N.D. Cal. 2010).  Here, defendants' conclusory motion makes no effort to

2   show what specific undue prejudice they will suffer if the request for punitive damages is not

3   stricken from the complaint.  Accordingly, the motion with respect to Meschery is denied.

4                                          **Motion to Withdraw**

5        Shaffer's representation moves to withdraw.  ECF No. 33.  According to the motion,

6   Shaffer consents to withdrawal, and she has been served with the motion to withdraw.  Shaffer's

7   counsel argues that withdrawal is appropriate because litigation is in the early stages, Shaffer has

8   filed an answer to the operative complaint, and there are no pending deadlines.  *Id.* at 4.

9        Pursuant to the court's local rules, "[w]ithdrawal as attorney is governed by the Rules of

10  Professional Conduct of the State Bar of California, and the attorney shall form to the

11  requirements of those Rules."  E.D. Cal. L.R. 182(d).  If withdrawal would leave a client without

12  counsel, an attorney must file a formal motion and provide the client and all other parties with

13  notice of the motion to withdrawal.  *Id.*  The attorney must also submit an affidavit providing the

14  current or last known address of the client and describing the efforts made to notify the client of

15  the motion to withdraw.  *Id.*

16       The California Rules of Professional Conduct provide that an attorney may withdraw from

17  representation if the client "renders it unreasonably difficult for the member to carry out the

18  employment effectively."  Cal. R. Prof. Conduct 3-700(C)(1)(d).  The decision to grant or deny

19  counsel's motion to withdraw is committed to the district court's discretion.  *United States v.*

20  *Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).  "When ruling on motions to withdraw, courts

21  consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to

22  other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the

23  degree to which withdrawal will delay the resolution of the case."  *Bernstein v. City of Los*

24  *Angeles*, No. CV 19-03349 PA (GJSx), 2020 WL 4288443, at *1 (C.D. Cal. Feb. 25, 2020)

25  (internal quotation marks and citations omitted).

26       Counsel has provided good cause for withdrawal and sufficiently complied with the Local

27  Rules.  Counsel has notified Shaffer of the withdrawal and served a copy of the motion on her last

28  known address.  ECF No. 33-1 at 2.  Therefore, the motion is granted, and Shaffer will proceed

1 | pro se until she retains counsel.

2 | **Conclusion**

3 |       Accordingly, it is hereby ORDERED that:

4 |       1.  District defendants' motion to strike, ECF No. 28, is GRANTED as to the District and

5 | DENIED as to Meschery.

6 |       2.  District defendants' motion to dismiss, ECF No. 29, is GRANTED.

7 |             a.  M.F.'s substantive due process and Title IX sexual discrimination claims are

8 | DISMISSED with leave to amend.

9 |             b.  Plaintiffs John and Vanessa Doe's state law claims are DISMISSED with leave

10 | to amend.

11 |       3.  Plaintiffs may file an amended complaint consistent with the order within twenty-one

12 | days.  Should plaintiffs fail to amend the complaint, this action will proceed on the claims

13 | deemed viable.

14 |       4.  Defendant Shaffer's counsel's motion to withdraw, ECF No. 33, is GRANTED.

15 | Defendant Shaffer will proceed pro se until she retains counsel.

17 | IT IS SO ORDERED.

18 | Dated:    September 11, 2025    _____

19 |                                                   JEREMY D. PETERSON

20 |                                                   UNITED STATES MAGISTRATE JUDGE